IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

TENNIE Y. ATKINSON                                              PLAINTIFF

V.                              NO. 10-5057

MICHAEL J. ASTRUE,
Commissioner, Social Security Administration                    DEFENDANT

**MEMORANDUM OPINION**

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for supplemental security income (SSI) under the provisions of Title XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.    Procedural Background:**

Plaintiff filed her application for SSI on January 10, 2007, alleging an inability to work since November 11, 2004, due to Lupus, Rheumatoid Arthritis, and Raynaud's disease.[1] (Tr. 109-112, 130). An administrative hearing was held on April 22, 2009, at which Plaintiff appeared with counsel, and she and her fiancé testified. (Tr. 32-59).

By written decision dated September 2, 2009, the Administrative Law Judge (ALJ) found

---

[1] Raynaud Disease - A primary or idiopathic vascular disorder characterized by bilateral attacks of Raynaud phenomenon; it affects females more often than males. Dorland's Illustrated Medical Dictionary 548 (31st ed. 2007).
Raynaud Phenomenon - Intermittent bilateral ischemia of the fingers, toes, and sometimes ears and nose, with severe pallor and often parethesis and pain, usually brought on by cold or emotional stimuli, and relieved by heat; it is usually due to an underlying disease or anatomical abnormality. When it is idiopathic or primary it is called Raynaud disease. Id. at 1450.

Plaintiff had an impairment or combination of impairments that were severe - Lupus, Rheumatoid Arthritis, and Bipolar Disorder. (Tr. 67). However, after reviewing all of the evidence presented, he determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 67). The ALJ found that Plaintiff could:

> lift and carry 10 pounds occasionally and less than 10 pounds frequently. She can sit for about 6 hours during an eight-hour workday and can stand and walk for at least 2 hours during an eight-hour workday. She can occasionally climb, balance, stoop, kneel, crouch, and crawl. She can frequently handle and finger. She can perform unskilled work.

(Tr. 68). With the help of a vocational expert (VE), the ALJ determined that Plaintiff could perform work as small product assembler, small production machine operator, and product inspector. (Tr. 73).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on February 4, 2010. (Tr. 1-3). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (Doc. 7, 8).

Plaintiff filed prior SSI applications on October 5, 2005, and May 11, 2006, respectively, alleging disability since November 11, 2004 in both cases. (Tr. 37, 118-119). The May 11, 2006 application was denied on July 25, 2006, and not appealed. (Doc. 7 at p. 10). At the hearing held in this case on April 22, 2009, Plaintiff's attorney requested the ALJ to consider reopening the prior applications under the "one year rule." (Tr. 37-38). In her appeal brief, Plaintiff's attorney argues that 20 C.F.R. § 416.1488 "requires automatic reopening of a prior application where the claimant filed the current application within 12 months of the date of the initial

determination on the prior application." (Doc. 7 at p. 10). The undersigned will address this argument more fully below.

**II.    Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§423(d)(3),

1382(3)(D). A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing her claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given her age, education, and experience. See 20 C.F.R. §416.920.  Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity (RFC). See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §416.920.

### III. Discussion:

What causes the Court concern is the ALJ's RFC finding in this case. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of her limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical

evidence that addresses the claimant's ability to function in the workplace." Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id.

On November 17, 2008, Dr. Traci L. Ivey, Plaintiff's family physician, found that Plaintiff could reach in all directions, handle, finger and grip less than two out of eight hours, and could feel for two out of eight hours. On March 30, 2009, Dr. Walton C. Toy, a rheumatologist, found that Plaintiff had erythema[2] in her fingers, had good grip and curl in her hands, and had full range of motion of her wrists, elbows, and shoulders. However, Dr. Toy does not discuss Plaintiff's ability to finger.

In the hypothetical given by the ALJ to the VE, the ALJ asked the VE to assume an individual who could, *inter alia*, frequently handle and finger. The two jobs the VE found that Plaintiff could do were small product assembler and small production machine operator. DICOT §§ 715.687-010, 689.585-018 at www.westlaw.com. The job of "band attacher," which is found at DOT 715.687-010, requires constant handling, fingering and feeling. The job of "stringing-machine tender," which is found at DOT 689.585-018, requires frequent handling and fingering.

Dr. Toy refused to complete the Physical Disability Medical Source Statement because he did not believe he had the special training and experience to fill it out. The only other medical record reflecting Plaintiff's ability to finger is Dr. Ivey's Medical Source Statement, which indicates that Plaintiff could finger and handle for less than two out of eight hours. Accordingly, there is no medical evidence to support the ALJ's conclusion that Plaintiff could frequently handle and finger. The Court therefore believes this matter should be remanded for the ALJ to

---

[2]Erythema - redness of the skin produced by congestion of the capillaries. Id. at 650.

obtain a physical RFC from a rheumotologist, specifically addressing Plaintiff's ability to finger, handle and feel. The ALJ should thereafter re-evaluate Plaintiff's RFC in light of the new information.

### IV.     The Decision Not to Reopen Plaintiff's Prior Applications:

Plaintiff's counsel argues that the ALJ should have reopened her prior applications for benefits under 20 C.F.R. § 416.1488. As indicated by Defendant, and contrary to Plaintiff's assertion, the regulation states that: "A determination, revised determination, decision, or revised decision **may** be reopened - (a) Within 12 months of the date of the notice of the initial determination, for any reason;. . ." (emphasis added). Accordingly, the regulation relied upon by Plaintiff does not **require** the Commissioner to reopen a prior application.

Furthermore, courts "generally lack jurisdiction to review the Commissioner's refusal to reopen the proceeding because a refusal to reopen the proceeding is not a 'final decision of the Commissioner * * * made after a hearing.'" Ahlstrom v. Astrue, 2010 WL 147880, at *1(D. Minn. Jan. 11, 2010), citing Efinchuk v. Astrue, 480 F.3d 846, 848 (8th Cir. 2007); 42 U.S.C. § 405(g);  and Califano v. Sanders, 430 U.S. 99, 107-08(1977).

Based upon the foregoing, the Court finds that it lacks jurisdiction to review the Commissioner's decision not to reopen the prior applications.

### V.     Conclusion:

Based upon the foregoing, the Court concludes that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the Plaintiff should be reversed and this matter should be remanded to the Commissioner for further consideration pursuant to

AO72A
(Rev. 8/82)

sentence four of 42 U.S.C. § 405(g).

IT IS SO ORDERED this 14th day of April, 2011.

*/s/ Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)